IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDWIN LUGO-GONZALEZ, # 62214-066            PETITIONER

VERSUS            CIVIL ACTION NO. 5:13cv39-DCB-MTP

NFN MARTIN, d/b/a WARDEN/CHIEF
EXECUTIVE OFFICER/TRUSTEE and
UNITED STATES DEPARTMENT OF
JUSTICE            RESPONDENTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. On March 15, 2013, *pro se* Petitioner Edwin Lugo-Gonzalez filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is incarcerated with the Federal Bureau of Prisons and is presently housed at the Federal Correctional Center in Yazoo City. He explicitly invokes Section 2241, alleging a denial of medical care. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

Petitioner styled his pleading as, "Petition for Emergency Hearing for Writ of Habeas Corpus in the nature of 28 U.S.C. § 2241." (Pet. at 1). He otherwise specifically invokes habeas jurisdiction under Section 2241. His allegations, however, concern medical treatment. He claims Respondents allowed him one round of radiology in 2012 but have since denied any follow up treatments. He likewise complains that Respondents have not given him access to a diagnosis. As relief, he seeks "immediate medical treatment." (Pet. at 3). He does not specify what his medical condition is.

A petitioner may use Section 2241 to attack the manner in which his sentence is being executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A habeas action is the proper

vehicle to seek speedier release from custody. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Section 2241 is not available when a petitioner seeks "injunctive relief unrelated to the cause of his detention." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Therefore, a claim for denial of medical treatment is not cognizable under Section 2241. *Id.* Rather, the claim should be brought in a civil rights or Federal Tort Claims action. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. Feb. 18, 2009); *Rourke*, 11 F.3d at 49.

Petitioner does not seek speedier release from custody. Rather, he challenges a condition of his confinement and seeks medical treatment. Since Section 2241 is not available to provide him such relief, this action is dismissed without prejudice.

It is therefore ordered and adjudged that, for the reasons stated above, this cause should be and is hereby dismissed without prejudice. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the 26th day of March, 2013.

                        s/David Bramlette
                        UNITED STATES DISTRICT JUDGE